■ VICTORIA LA MURA, Respondent, v. JOSEPH LA MURA, Appellant.— Order, entered May 7, 1964, unanimously modified, on the law and the facts and in the exercise of discretion, to provide that sequestration and receivership, with all provisions of the order of the court, entered March 16, 1964, shall terminate and end upon condition, however, that the defendant pay all taxable costs to date; upon further condition that the defendant shall, pending the determination of this action, pay, when due, all the maintenance charges of the home presently occupied by the wife; upon further condition that the defendant shall, within 10 days after service of this order with notice of entry, file a surety company undertaking in the sum of $5,000, or duly extend and broaden the undertaking heretofore filed to secure the payment by defendant husband of such maintenance charges and all costs of the action, receivership costs and expenses, temporary alimony and such other payments, if any, as directed by . the court to be paid by defendant pending the determination of this action; the order appealed from otherwise affirmed, with $30 costs and disbursements to plaintiff-respondent. The order of sequestration and the appointment of a receiver was properly supported. Thereafter, however, the defendant husband did duly appear in the action, so the compliance by him with the conditions aforesaid will furnish adequate protection to the plaintiff and obviate the necessity for continuance of the provisions for sequestration of his property. Settle order on notice. Order, entered May 27, 1964, authorizing employment of counsel by receiver, unanimously reversed and vacated, on the law and the facts, without costs, and cross motion for such appointment denied, without costs, without prejudice to renewal of motion in the event of failure of defendant to file an undertaking as provided for in the determination of this court in the matter of the companion appeal in La Mura v. La Mura, decided herewith. In the event the receivership is terminated as provided in such order, there will be no necessity for the receiver to employ counsel. Order, entered May 4, 1964, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs, motion by defendant for protective order granted, without costs, and motion by plaintiff for examination of defendant before trial denied, without costs. In this action for separation, there is no showing of special circumstances justifying an examination before trial of the defendant as to his income, property and assets. (See Nomako v. Ashton, 20 A D 2d 331; Hunter v. Hunter, 10 A D 2d 291, mot. for rearg. and lv. to app. den. 10 A D 2d 937.) Concur — Botein, P. J., Breitel, Rabin, Eager and Staley, JJ.